LARSON et al, Appellants, v. TOWNSHIP OF EDISON et al, Respondents.

(169 N. W. 523).

(File No. 4386.   Opinion filed Nov. 29, 1918.   Rehearing denied March 12, 1919).

(1).   **Boundaries—Alleged Lost Corner—Government Mounds, Location Of—Erroneous Re-Survey for Highway—Erroneous "Compromise Corner"—Evidence, Insufficiency.**

In a suit by owners of SE¼ of Sec. 35, against a civil township contiguous to southward, to enjoin defendant from entering upon and taking for road purposes, a strip of land on the south side of plaintiff's quarter; plaintiffs' evidence substantially establishing that the original government corner common to Sections 1, 2, 35 and 36, evidenced by mounds and pits, was located as claimed by them and some 128 feet east and 60 feet south of where same was located by defendant township's re-survey immediately before commencement of suit; but that it had been obliterated; it being undisputed that several years ago, in a re-survey of defendant township, the boundary line between sections 1 and 2 was unexplainedly moved westward about 100 feet from the line theretofore recognized, the corner in dispute being thereby located some 128 feet west and 21 feet north of the point claimed by plaintiffs; the survey last made being as for a "lost" corner, the corner being thus located by running a direct line from the SW corner of 35 to the SE of 36 (both of which corners being undisputed) and being a proportionate division of such line; which line so located ran about 40 feet to north of the corner under the prior re-survey,

and at least 30 feet north of the undisputed quarter corner at SW corner of plaintiffs' land; it further appearing that after so locating said corner, said surveyor disregarded the point which he testified was correct and in accordance with rules for locating "lost" corners, and established an alleged "compromise" corner, being at a point agreed upon by the officers of the two townships and without consent of the property owners affected thereby; which "compromise" corner was located within a few inches of the one located on the former resurvey; held, that trial court erred in finding said corner as located by said last survey, and not at the point of the original mounds.

(2).   **Boundaries—Satisfactory Evidence of Government Mound Corner—"Lost" Corner, Insufficient Evidence Of.**

Where the clear and undisputed testimony of several old settlers showed that there were a government mound and pits at a corner located as claimed by plaintiffs to be the true corner, which point was recognized by early settlers as the true corner, that the boundary line between the sections runs to this day north from said claimed corner, and in early days ran directly south therefrom until a re-survey was made by the township to southward from the corner; other landmarks corroborating such roadway; that the east and west section line has for years run in harmony with plaintiffs' claim as to said corner, the road at a point westward having been graded accordingly; the theory of a "lost" corner being based upon the testimony of but one old settler a few years before commencement of suit, using a compass as guide and by pacing the distance; held, that the theory of a "lost" corner was not tenable, that trial court should have found the corner to have been located as claimed by plaintiffs.

Appeal from Circuit Court, Minnehaha County.   Hon. Joseph W. Jones, Judge.

Action by Anna Larson and others, against the Township of Edison, in Minnehaha County, and Iver Henjum and others, as supervisors of said township, and another, to enjoin defendants from entering upon plaintiffs' land and taking same for road purposes.   From a judgment in favor of defendants, and from an order denying a new trial, plaintiffs appeal.   Reversed.

*Krause & Krause,* for Appellants.
*Parliman & Parliman,* for Respondents.

WHITING, P. J.   Plaintiffs are the owners of the S. E. quarter of section 35.   The south line of this section is the boundary line of both the congressional and the civil township, Edison

township lying to the south. The defendants, desiring to put in a bridge and to otherwise improve the road on the said township line between the S. E. of 35 and the N. E. of 2, employed a surveyor to locate the section corner common to those sections. He located the same to the north of the line as claimed by the plaintiffs, and this action was brought to restrain defendants from entering upon and taking for road purposes a triangular piece of land which plaintiffs claim lies to the north of the four-rod strip that defendants are entitled to use for highway purposes, the apex of this triangular strip being at the quarter corner at the S. W. corner of plaintiff's land. Findings and judgment were in favor of defendants. From such judgment and an order denying a new trial this appeal was taken.

But one question is presented upon this appeal: Was there evidence to warrant the trial court in finding that the corner common to sections 1, 2, 35, and 36 is not at the point claimed by plaintiffs? Plaintiffs contend that the evidence clearly establishes that the original government corner, evidenced by mound and pits, was located at the point claimed by them; they claiming that such mound and pits, while known to the original settlers, has since become obliterated. Defendants contend that the corner, if it ever was marked by the government surveyor, has become "lost," and that in establishing such corner where they have established same they have given to plaintiffs even more land than they are really entitled to.

[1] It is clear to us that the trial court erred, and that it should have found in accordance with plaintiffs' contention that the corner was originally marked by a government mound located at a point some 128 feet east and 60 feet south of where the same was located by the surveyor employed by defendants. It appears without dispute that several years ago there was a resurvey of Edison township, and that, for some reason entirely unexplained, the boundary line between sections 1 and 2 was moved to the west something like 100 feet from the line theretofore recognized; and that, upon such resurvey, the corner now in dispute was located some 128 feet west and 21 feet north of the point claimed by plaintiffs. The surveyor, who located this corner immediately prior to the bringing of this action, testified that he was employed by defendants; that they told him the corner was a "lost" corner; and

that, although he was advised by one old settler that there had been government mounds and pits where plaintiffs now claim, he paid no attention thereto and proceeded to locate such corner in accordance with the rules for locating a "lost" corner. He testified and his plat showed that he did this by running a direct line from the S. W. corner of 35 to the S. E. of 36, both of which corners were undisputed, and by a proportionate division of such line. It appears from such plat that the straight line so run, instead of running through the point located as the section corner by the prior resurvey, ran about 40 feet to the north thereof, thus bringing the section corner 128 feet to the west and 60 feet to the north of the point claimed by plaintiffs. It also appears from said plat that said section line, as marked by such surveyor, runs at least 30 feet to the north of the quarter corner at the S. W. corner of plaintiffs' land, a corner the true location of which is not in dispute. It is thus perfectly apparent that the line as run by this last surveyor was absolutely incorrect. The quarter corner was the next known corner to the west of the corner sought to be located and should have been used as one of the corners from which to locate the "lost" corner; and it is further clear that the boundary line along plaintiffs' land must of necessity commence from such known quarter corner. It appears from the surveyor's testimony that, after locating the section corner at the point some 60 feet north and 128 feet west of the point claimed by plaintiffs, he, for some reason entirely unexplained, disregarded the point which he testified was the correct point in accordance with the rules for locating "lost" corners, and he established what he termed a "compromise corner"—being apparently at a point agreed upon between the officers of the two townships. This "compromise corner" was located within a few inches of the corner as located on the former resurvey. After disregarding the known quarter corner when establishing what the surveyor claims was the correct section corner, they not only disregarded such claimed correct corner and adopted the "compromise corner," but afterwards in placing stakes to mark the north line of the highway, instead of placing same two rods from a line drawn from S. W. 35 to the "compromise corner," which would have put the line much over two rods from the known quarter corner, the defendants placed this row of stakes two rods north of a direct line from the known

quarter corner to the "compromise corner." It is readily to be seen that upon no possible theory, except as a compromise, could any such action find support, and the parties to such compromise appear to have been the two township boards and not the property owners who would be affected by such action. It will be seen that, both by recognizing the quarter corner at its true location and by establishing the disputed corner 40 feet south of where the surveyor says it should have been located, plaintiffs were benefited and cannot now be heard to complain if in fact this disputed section corner was a "lost" corner and subject to be located as such.

[2] But it appears through the clear and undisputed testimony of several old settlers that, back as far as the year 1878 after a prairie fire had burned the heavy grass in the vicinity of the point in dispute, there was revealed the government mound and pits at the point now claimed by plaintiffs to be the true corner. It appears further that the early settlers recognized this point as the true corner, and that, from that point north, the section line was marked by furrows plowed on both sides; that to this day the boundary line between sections 35 and 36 runs north from this claimed corner; that, in the early days of settlement, the road ran directly south from this claimed corner, which road remained there until the resurvey of Edison township and, to this day, the marks of the old roadway together with the embankment of a bridge upon such old line of road bear corroborative testimony to plaintiffs' contentions; that the road along the south side of section 35 has for years run in harmony with plaintiffs' claims; that at a point about 134 feet directly west of the old mound there is a bridge across a small run or creek; and that to the west of said bridge and upon what would be practically the section line as claimed by plaintiffs the road was graded many years ago. The only evidence that in the remotest degree supports the theory that the section corner in dispute had become "lost" was the testimony of one old settler who stated that he had one time, by using a compass as a guide and by counting five paces for a rod, paced the south boundary of section 36; that when he paced 320 rods he reached close to the edge of this run; and that at that place in looking over a space perhaps a rod or two in diameter he was unable to find any mound or pits. It is clear that he did not examine

far enough from the run to have reached the point where plain-tiffs' witnesses locate the government mound. According to the government plat the corner should have been on the edge of the run. Inasmuch as this old settler ran this section line but a few years after the survey, it is evident that; if he ran the line in ac-cordance with the field notes, no government mound was ever con-structed where the field notes called for same; but this fact has no controlling force in the light for the overwhelming testimony of the existence of the mound and pits, such testimony being corro-borated as it is by the physical conditions above noted. Another thing that corroborates plaintiffs is the fact that a straight line run from the known corner at S. W. of 35 to the point claimed by plaintiffs would run near if not exactly through the recognized quarter corner.

The judgment and order appealed from are reversed.